RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8 / 8 / 14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEAN J. LUCAS | CIVIL ACTION NO. 13-748 |
| VERSUS | JUDGE TRIMBLE |
| GENERAL MOTORS, LLC, ET AL. | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is a motion for summary judgment filed by General Motors, LLC ("GM"), the sole remaining defendant in this case.[1] The motion has been fully briefed and the court finds the issues ripe for disposition. For the reasons expressed herein below, the court finds that the instant motion should be **GRANTED** and, accordingly, that all claims by plaintiff in this case should be **DENIED** and **DISMISSED** with prejudice.

I.  BACKGROUND

This suit arises from a two-vehicle accident on or about October 21, 2011 on Highway 1 in Avoyelles Parish, Louisiana.[2] Plaintiff, Dean J. Lucas, was driving his 2008 GMC Sierra pickup truck northbound on Highway 1 when a 2008 Nissan Sentra, operated by Derrick D. Bize ("Bize"), crossed the northbound lane in an attempt to enter the southbound lane.[3] Plaintiff's truck struck Bize's car in the driver's-side, rear quarter panel, causing Bize's car to rotate

---

[1] R. 18.
[2] Plaintiff's Original Complaint (filed as state court petition) [R. 1-2, pp. 2-4] at ¶ 2.
[3] Id. at ¶ 4.

counterclockwise and exit the right side of the roadway.[4] Both vehicles sustained damage as a result of the impact.

Plaintiff filed suit against Bize and his insurer, Louisiana Farm Bureau Casualty Insurance Company, in the Twelfth Judicial District Court for the Parish of Avoyelles, alleging Bize's negligence in causing the accident and seeking compensation for damage to his truck and for physical pain and suffering resulting from alleged injuries sustained during the accident.[5] Plaintiff amended his complaint to add claims against defendants Louisiana Farm Bureau Mutual Insurance Company and General Motors, LLC.[6] Plaintiff subsequently settled and dismissed his claims against Bize and his insurers, leaving GM as the sole defendant in this matter.[7] GM removed the suit to this court, citing the court's diversity jurisdiction.[8]

Plaintiff's remaining claim in this suit against GM is one under the Louisiana Products Liability Act ("LPLA"), in which he claims that the air bag in his GM truck was unreasonably dangerous because it failed to deploy during the 2011 collision. GM denies that the air bag was defective under the standards established by the LPLA and comes now before the court seeking summary judgment on this issue. We address the arguments of the parties below.

II.   APPLICABLE STANDARD

Fed. R. Civ. P. 56(a) provides that summary judgment shall be granted when the movant shows the absence of any genuine dispute as to any material fact and, for that reason, shows that he is entitled to judgment as a matter of law. The movant must demonstrate the absence

---

[4] Id. at ¶ 4.
[5] Id. at ¶¶ 1, 5-7.
[6] Plaintiff's First Supplemental and Amending Petition [R. 1-2 at pp. 5-9], generally.
[7] R. 1-4.
[8] R. 1.

of any genuine dispute as to any material fact by citing to particular parts of materials in the record, including depositions, documents and affidavits.[9] The movant may demonstrate entitlement to judgment as a matter of law by pointing out the nonmoving party's inability to produce evidence which, when taken as true for the purposes of the motion, would provide a legally sufficient basis upon which a reasonable jury might base a judgment in the nonmoving party's favor.[10]

Once a motion for summary judgment is made and properly supported, the burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claims.[11] In so doing, the nonmoving party establishes the existence of a genuine issue of material fact for trial. The nonmoving party must show that the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor.[12] A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof.[13]

If the nonmoving party meets his burden of proof, summary judgment is inappropriate and the claims must be preserved for further proceedings. If, on the other hand, the nonmoving party does not meet his burden, the court must grant summary judgment in recognition of the implausibility of the claims at issue.[14]

---

[9] Fed. R. Civ. P. 56(c)(1)(A).
[10] Celotex Corp v. Catrett, 477 U.S. 317, 2553 – 54 (1986); Duffy v. Leading Edge Products, Inc., 44 F.3d 308, 312 (5th Cir. 1995); Shotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992), cert. denied 506 U.S. 832 (1992).
[11] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994).
[12] Celotex, 477 U.S. at 325.
[13] Id.
[14] Id. at 322.

All evidence submitted to the court in support of or in opposition to a motion for summary judgment must be of the sort which would be admissible at the trial of the matter.[15] "Metaphysical doubt" as to the existence of a genuine issue for trial is insufficient, as are "unsubstantiated assertions" and "conclusory allegations[.]"[16] The court will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[17]

### III.   ANALYSIS

GM's motion first asserts that plaintiff is unable to meet his burden of proof under the LPLA, which requires that plaintiff demonstrate that (1) the air bag system in his truck was unreasonably dangerous; and (2) that his damages were caused by the unreasonably dangerous condition.[18]

GM presents the reports of its experts, Hamed Sadrnia ("Sadrnia") and John Sprague ("Sprague") as evidence that the air bags did not fail to deploy but, instead, were purposefully not deployed because the impact did not meet the deployment criteria.[19] Specifically, Sadrnia opines that the "delta v" or change in velocity of plaintiff's truck during the collision was 2-10 miles per hour, which falls below the deployment threshold for a GMC Sierra frontal air bag system.[20] GM asserts that plaintiff can offer no expert testimony to contradict the conclusion reached by Sadrnia and Sprague and, thus, fails to demonstrate the existence of a genuine issue

---

[15] Fed. R. Civ. P. 56(c)(2); Salas v. Carptener, 980 F.2d 299, 305 (5th Cir. 1992) quoting Broadway v. City of Montgomery, 530 F.2d 657, 661 (5th Cir. 1976).
[16] Little, 37 F.3d at 1075, citing Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), Lujan v. National Wildlife Federation, 497 U.S. 871, 871-73 (1986); Hopper v. Frank, 16 F.3d 92 (5th Cir. 1994).
[17] Lujan, 497 U.S. at 888.
[18] La. R.S. 9:2800.51, et seq.
[19] Report of Sadrnia at R. 18-3; Report of Sprague at R. 18-10.
[20] Affidavit of Sadrnia [R. 18-2] at ¶ 10(e).

of fact as to an unreasonably dangerous condition in plaintiff's air bag system at the time of the collision.

Plaintiff's response does not proffer expert testimony rebutting GM's assertions. Instead, plaintiff argues that the police report generated by the officer on the scene, as well as plaintiff's deposition testimony, show that plaintiff asserts he was traveling at a rate of 55 miles per hour when he collided with Bize.[21] Plaintiff asserts that the allegation of this fact is sufficient to create a fact issue as to whether or not the air bag in his truck should have deployed during the collision in 2010. The court disagrees.

The threshold inquiry in this case is whether or not the air bag in plaintiff's truck should have deployed during the collision at issue. Plaintiff offers no proof that the calculations of GM's experts, which conclude that the air bag properly did not deploy, are in error. Plaintiff's reliance on his statements to police and his own deposition testimony estimating his speed at 55 miles per hour do not contradict the calculations of Sadrnia and Sprague's delta v calculations, as those calculations seek to discern the change in velocity at the time of impact, not the speed at which the plaintiff was traveling prior to impact.[22] Moreover, as pointed out by GM, plaintiff's own testimony supports the possibility that he applied the brakes just before impact, reducing his overall speed.[23]

While we need not reach the second element of plaintiff's claim, we note that GM's expert Kathryn Anderson concludes that plaintiff's alleged injuries were likely not caused by any unreasonably dangerous condition existing in the GMC Sierra truck and were, likely, a result of

---

[21] Police report at R. 21-3; Excerpt of plaintiff's deposition at R. 21-4.
[22] R. 18-3 at p. 9.
[23] Excerpt of Plaintiff's Deposition at R. 21-4.

the collision itself and plaintiff's position in the vehicle at the time of impact.[24] Plaintiff offers no evidence, expert or otherwise, to contradict Anderson's findings. Moreover, the court notes that plaintiff has an extensive medical history of spinal, facial and cranial injuries, which both pre- and post-date the accident forming the basis of this suit, further necessitating expert testimony on this issue in order to satisfy plaintiff's burden of proof.[25]

It is incumbent upon a plaintiff confronted with a motion for summary judgment to respond with sufficient evidence to demonstrate the existence of one or more genuine issues of disputed fact in order to proceed to trial.[26] Plaintiff has not sought additional time to respond to GM's motion under Fed. R. Civ. P. 56(d). Additionally, the deadline for the designation of expert witnesses has expired in this case and, as such, we find no just cause for delay in granting judgment in favor of defendants on the instant motion.[27]

## IV. CONCLUSION

The court finds that GM has demonstrated the absence of genuine issues of disputed fact regarding whether or not plaintiff's GMC Sierra truck possessed an unreasonably dangerous condition and whether such condition was the cause of plaintiff's alleged injuries. Having demonstrated by expert testimony, unrefuted by plaintiff, that plaintiff's truck possessed no unreasonably dangerous condition and that any such condition was not the cause

---

[24] Report of Anderson at R. 18-13.
[25] Summary of plaintiff's medical records, Id. at pp. 11-14.
[26] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).
[27] Green-Johnson v. Enter. Rent-A-Car, 2007 U.S. Dist. LEXIS 79141 (E.D. La. 2007) ("Because the plaintiffs' expert report deadline has not yet expired and because plaintiffs have not yet had the opportunity to fully explore the possible causes of the failure of the airbags to deploy, GM's motion for summary judgment is...denied.").

of plaintiff's alleged injuries, the court finds that GM's motion for summary judgment should be granted in full and will issue a judgment in conformity with these findings.

ALEXANDRIA, LOUISIANA
AUGUST ___8___, 2014

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE